Mark Eisen (SBN – 289009)
meisen@edelson.com
EDELSON PC
555 West Fifth Street, 31st Floor
Los Angeles, California 90013
Tel: 213.533.4100
Fax: 213.947.4251

Rafey S. Balabanian (Admitted *Pro Hac Vice*)
rbalabanian@edelson.com
Benjamin H. Richman (Admitted *Pro Hac Vice*)
brichman@edelson.com
Courtney C. Booth (Admitted *Pro Hac Vice*)
cbooth@edelson.com
EDELSON PC
350 North LaSalle Street, Suite 1300
Chicago, Illinois 60654
Tel: 312.589.6370
Fax: 312.589.6378

*Attorneys for Plaintiff and the Putative Class*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| JACK DAVIS, individually and on behalf of all others similarly situated,<br><br>*Plaintiff*,<br><br>v.<br><br>APPERIENCE CORPORATION, a Cayman Islands corporation d/b/a IOBIT, and BLUESPRIG, INC., a Delaware corporation d/b/a IOBIT,<br><br>*Defendants*. | Case No: 3:14-cv-766-EDL<br><br>**CASE MANAGEMENT STATEMENT**<br><br>Date: May 23, 2014<br>Judge: Magistrate Judge Elizabeth D. Laporte<br>Action Filed: February 19, 2014<br>Trial Date: TBD |

Pursuant to Fed. R. Civ. P. 16 and 26, Local Rule 16-9, the Standing Order for all Judges of the Northern District of California, and Magistrate Judge Laporte's Standing Order re: Case Management Conferences, Plaintiff Jack Davis ("Davis") hereby submits the following Case Management Statement. The Clerk has entered a default against Defendant BlueSprig, Inc. ("BlueSprig") for its failure to appear or otherwise litigate the matter, and Davis is still in the process of effectuating service upon Defendant Apperience Corporation ("Apperience") through the Hague Convention on Service Abroad. Thus, neither Defendant participated in the drafting of this statement.

## I. JURISDICTION AND SERVICE

This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1332(d), because (a) at least one putative class member is a citizen of a state different than Defendants, (b) the amount in controversy exceeds $5,000,000.00, exclusive of interest and costs, and (c) none of the exceptions under that subsection apply to this action. No issues exist with respect to personal jurisdiction or venue.

On February 24, 2014, BlueSprig was served with the Complaint and summons. (Dkt. 16.) On May 6, 2014, Plaintiff moved for entry of default against BlueSprig as a result of its failure to appear, answer, or otherwise litigate the action (dkt. 17), which the Clerk of the Court entered on May 7, 2014. (Dkt. 18.) Davis is also in the process of attempting to effectuate service on Apperience—a Cayman Islands corporation—under the Hague Convention on Service Abroad.

## II. FACTS

Plaintiff alleges, individually and on behalf of a nationwide class of similarly situated individuals, that Defendants uniformly defraud consumers into purchasing their so-called utility software product known as Advanced SystemCare PRO ("Advanced SystemCare" or the "Software"). According to Davis' Complaint, Defendants represent to consumers that the Software will identify, report and repair a wide range of computer problems, as well as improve the speed, performance and stability of an individual's personal computer, protect against privacy and security

threats, and improve Internet performance. To demonstrate the purported functionality of the Software, Defendants offer consumers a free, limited trial version of Advanced SystemCare that allows consumers to conduct "diagnostic scans" of their computers to detect whether they are afflicted with any errors. After the scan, the free-trial version will remove a handful of the so-called "security threats" and "system errors" detected, but informs consumers that purchase of the full, registered version of the Software is required to repair the remainder.

In reality, the Software is not capable of functioning as advertised and instead, invariably reports the existence of "system errors" and "security threats" and mischaracterizes the actual severity of these "problems", regardless of a computer's actual condition. As a result, neither the free trial nor full registered version of the Software can perform the functions advertised by Defendants, and consumers are induced to purchase Software that has little utility.

### III. LEGAL ISSUES

The legal issues in this case include, but are not limited to:

1. Whether Defendants' alleged conduct constitutes violations of California's Unfair Competition Law, Cal. Bus. & Prof. Code §§ 17200, *et seq.*;
2. Whether Defendants fraudulently induced Davis and the putative class members to purchase the Software;
4. Whether Defendants breached their contracts with Davis and the putative class;
5. Whether Defendants breached the implied covenant of good faith and fair dealing with respect to Davis and the putative class; and
6. Whether the putative class is appropriate for certification under Fed. R. Civ. P. 23.

### IV. MOTIONS

There are no pending motions. Plaintiff anticipates filing the following motions:

1. A motion for entry of a default judgment against BlueSprig;
2. A motion for class certification;
3. A motion for summary judgment; and

threats, and improve Internet performance. To demonstrate the purported functionality of the Software, Defendants offer consumers a free, limited trial version of Advanced SystemCare that allows consumers to conduct "diagnostic scans" of their computers to detect whether they are afflicted with any errors. After the scan, the free-trial version will remove a handful of the so-called "security threats" and "system errors" detected, but informs consumers that purchase of the full, registered version of the Software is required to repair the remainder.

In reality, the Software is not capable of functioning as advertised and instead, invariably reports the existence of "system errors" and "security threats" and mischaracterizes the actual severity of these "problems", regardless of a computer's actual condition. As a result, neither the free trial nor full registered version of the Software can perform the functions advertised by Defendants, and consumers are induced to purchase Software that has little utility.

### III. LEGAL ISSUES

The legal issues in this case include, but are not limited to:

1. Whether Defendants' alleged conduct constitutes violations of California's Unfair Competition Law, Cal. Bus. & Prof. Code §§ 17200, *et seq.*;
2. Whether Defendants fraudulently induced Davis and the putative class members to purchase the Software;
4. Whether Defendants breached their contracts with Davis and the putative class;
5. Whether Defendants breached the implied covenant of good faith and fair dealing with respect to Davis and the putative class; and
6. Whether the putative class is appropriate for certification under Fed. R. Civ. P. 23.

### IV. MOTIONS

There are no pending motions. Plaintiff anticipates filing the following motions:

1. A motion for entry of a default judgment against BlueSprig;
2. A motion for class certification;
3. A motion for summary judgment; and

4. Discovery-related motions, if necessary.

## V. AMENDMENT OF PLEADINGS

At this time, Davis does not anticipate that any amendments of the pleadings will be necessary. However, information obtained through discovery may necessitate amendments in the future. Davis proposes that amended pleadings (if any) be filed in accordance with the schedule of discovery and general case deadlines proposed in Section XVII below.

## VI. EVIDENCE PRESERVATION

Davis has conferred with his counsel about the need to preserve evidence that may be relevant to his claims or Defendants' defenses, including the preservation of electronically stored information. In particular, Davis has imaged the hard drive on which he installed the Software at issue. Davis' counsel have also reviewed the Guidelines Relating to the Discovery of Electronically Stored Information, but have not met and conferred with either Defendant pursuant to Fed. R. Civ. P. 26(b), as BlueSprig has not yet appeared or contacted Davis' counsel and Apperience has not yet been served through the Hague Convention on Service Abroad.

## VII. DISCLOSURES

The Parties have not yet exchanged initial disclosures pursuant to Fed. R. Civ. P. 26(a)(1), but Davis will coordinate disclosure efforts with Apperience upon its appearance in this matter.

## VIII. DISCOVERY

### A. Scope and Phase of Discovery

Plaintiff anticipates taking discovery on the following non-exhaustive list of topics: (i) the total number of individuals and entities who purchased any and all full versions of the Software; (ii) the number and nature of complaints regarding the Software; (iii) the number and amount of refunds requested and/or received by the members of the putative class related to their purchases of the Software; (iv) Defendants' representations regarding the purpose, utility and effectiveness of the Software; (v) the source code underlying the Software and its functionality; and (vi) the metrics

(and the bases of those metrics) used by the Software to assess and report the health and security status of users' computers.

Davis proposes that both class certification and merits discovery proceed in one phase. Indeed, his claims—and those of the putative class members—stem from a basic premise that Defendants designed the Software to invariably report that numerous errors are causing their computers to be at-risk. Because the Software operates uniformly, information necessary to establish the deceptive nature of the design and marketing of the Software—and therefore, the merits of the class's claims—will significantly overlap with the information necessary to establish that the requisites to class certification have been satisfied in this case (e.g., commonality, typicality and predominance).

### B. Limits on Discovery

Davis does not believe that any modifications to the limitations on discovery imposed by the Federal Rules of Civil Procedure are necessary at this time.

### C. Form of Electronic Discovery and Claims of Privilege

With respect to the discovery of electronically stored information ("ESI") and claims of privilege, Davis is prepared to discuss with either Defendant (upon their appearance) issues related to: (1) the identification of relevant and discoverable ESI; (2) the scope of discoverable ESI to be preserved and produced; (3) the formats for preservation and production of ESI; (4) the protection of confidential and proprietary information; (5) the procedures for handling inadvertent production of privileged information and other privilege waiver issues under Rule 502 of the Federal Rules of Evidence; and (6) any other relevant ESI issues that may arise.

## IX. CLASS ACTIONS

Davis seeks class certification pursuant to Fed. R. Civ. P. 23(b)(2) and (b)(3) of a class (the "Class") of similarly situated individuals and entities, defined as follows:

> All individuals and entities in the United States and its territories that purchased IObit's Advanced SystemCare software.

The proposed Class satisfies each of the requisites to class certification under Rules 23(b)(2) and (b)(3). In particular, though the exact number of Class members is unknown to Davis at this time, the Class consists of potentially thousands of individuals, making joinder of all members impracticable (numerosity); there are many questions of law and fact common to the claims of Davis and the other members of the Class, which predominate over any questions that may affect only individual Class members (commonality and predominance); Davis' claims are typical of the claims of all of the other members of the Class, inasmuch as they were similarly damaged as a result of Defendants' unlawful conduct (typicality); and Davis will fairly and adequately represent and protect the interests of the Class and has retained counsel competent and experienced in complex class actions (adequacy of representation).

Similarly, class proceedings are superior to all other available methods for the fair and efficient adjudication of this controversy. That is, the damages suffered by the individual members of the Class will likely be relatively small compared to the burden and expense of individual prosecution of the complex litigation necessitated by Defendants' conduct. Even if members of the Class could sustain such individual litigation, it would still not be preferable to a class action, because individual litigation would increase the delay and expense to all parties, as well as the likelihood of inconsistent rulings. Moreover, Defendants have acted or failed to act on grounds generally applicable to the Class, thereby making final injunctive relief or corresponding restitutionary relief appropriate with respect to the Class as a whole.

## X. RELATED CASES

Davis is unaware of any related cases at this time.

## XI. RELIEF SOUGHT

Davis seeks to obtain, on behalf of himself and the Class, an order (or orders): (i) certifying this case as a class action, appointing Plaintiff Jack Davis as Class Representative and appointing his counsel as Class Counsel; (ii) declaring that Defendants' actions, as set out in the Complaint, violate California's Unfair Competition Law (Cal. Bus. & Prof. Code §§ 17200, *et seq.*) and

constitute fraudulent inducement, breach of contract and breach of the implied covenant of good faith and fair dealing; (iii) awarding damages, including statutory and punitive damages where applicable, to Davis and the Class in an amount to be determined at trial; (iv) awarding injunctive and other equitable relief as is necessary to protect the interests of the Class including, *inter alia*, prohibiting Defendants from engaging in the wrongful and unlawful acts described in the Complaint, requiring Defendants to disclose and admit the wrongful and unlawful acts described in the Complaint, and requiring Defendants to fully disclose the true nature of the Software now and in the future; (v) awarding Davis and the Class their reasonable litigation expenses and attorneys' fees; (vi) awarding Davis and the Class pre- and post- judgment interest, to the extent allowable; (vii) providing such other injunctive and/or declaratory relief as is necessary to protect the interests of Davis and the Class; and (viii) awarding such other and further relief as the Court deems reasonable and just.

## XII. SETTLEMENT AND ADR

The Parties have not yet engaged in settlement discussions. Notwithstanding, Davis would be willing to engage in discussions regarding the potential early resolution of this matter and would be prepared to do so at a conference to be presided over by the Court or in private mediation.

## XIII. CONSENT TO MAGISTRATE JUDGE

Davis has consented to proceed before Magistrate Judge Laporte for all matters in this case. (Dkt. 14.)

## XIV. OTHER REFERENCES

This action is not suitable for assignment to binding arbitration. If additional tag-along actions are filed in other jurisdictions, this action may be suitable for referral to the Judicial Panel on Multidistrict Litigation.

## XV. NARROWING OF ISSUES

At this stage of the proceedings, Davis is unaware of any factual or legal issues that may be narrowed.

## XVI. EXPEDITED SCHEDULE

Davis does not believe this action is appropriate for the procedures outlined in Expedited Trial Procedure of General Order No. 64, Attachment A.

## XVII. SCHEDULING

Davis proposes the following schedule of discovery and general case deadlines:

| EVENT | PLAINTIFF'S PROPOSED DEADLINE |
|---|---|
| *Plaintiff's Deadline to File Motion for Entry of Default Judgment Against BlueSprig* | June 6, 2014 |
| *Rule 26(f) Conference* | Twenty-one (21) days following Apperience's appearance in this matter |
| *Deadline to File Motions to Join Parties or Amend Pleadings* | Three (3) months following the Rule 26(f) Conference |
| *Deadline to Complete Fact Discovery (Both Class and Merits)* | Seven (7) months following the Rule 26(f) Conference |
| *Plaintiff's Deadline to Disclose Expert Witnesses Relating to Class Certification* | Eight (8) months following the Rule 26(f) Conference |
| *Defendant's Deadline to Disclose Rebuttal Expert Witnesses Relating to Class Certification* | Nine (9) months following the Rule 26(f) Conference |
| *Deadline for Completion of Expert Discovery Relating to Class Certification* | Ten (10) months following the Rule 26(f) Conference |
| *Plaintiff's Deadline to File Motion for Class Certification* | Forty-five (45) days following the close of expert discovery |
| *Defendant's Deadline to File Opposition to Motion for Class Certification* | Twenty-eight (28) days following the filing of motion for class certification |
| *Plaintiff's Deadline to File a Reply in Support of Motion for Class Certification* | Fourteen (14) days following the filing of opposition to motion for class certification |
| *Plaintiff's Deadline to Disclose Expert Witnesses Relating to Merits Issues* | Four (4) weeks following the Court's Order on class certification |
| *Defendant's Deadline to Disclose Rebuttal Expert Witnesses Relating to Merits Issues* | Eight (8) weeks following the Court's Order on class certification |

| | |
|---|---|
| *Deadline to File Dispositive Motions* | Fourteen (14) weeks following the Court's Order on class certification |
| *Hearing on Dispositive Motions* | TBD |
| *Pretrial Conference* | TBD |
| *Motion in Limine Hearing Date* | TBD |
| *Trial to begin* | TBD |

## XVIII. TRIAL

Davis has requested a trial by jury of all matters that can be so tried in this action. Davis anticipates that a trial in this matter will require approximately five (5) Court days.

## XIX. DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS

Davis has filed a certificate of interested entities or persons. (Dkt. 3.) Davis has identified the following entities as having an interest in this litigation:

EDELSON PC
555 West Fifth Street, 31st Floor
Los Angeles, California 90013

EDELSON PC
350 North LaSalle Street, Suite 1300
Chicago, Illinois 60654

## XX. OTHER MATTERS

Davis is unaware of any other matters that may facilitate the just, speedy, and inexpensive disposition of this action at this time.

                                                     Respectfully submitted,

                                                     **JACK DAVIS**, individually and on behalf of all others similarly situated,

Dated: May 13, 2014                     By: /s/ Courtney C. Booth
                                                              One of Plaintiff's Attorneys

Rafey S. Balabanian (Admitted *Pro Hac Vice*)
rbalabanian@edelson.com
Benjamin H. Richman (Admitted *Pro Hac Vice*)
brichman@edelson.com
Courtney C. Booth (Admitted *Pro Hac Vice*)
cbooth@edelson.com
EDELSON PC
350 North LaSalle Street, Suite 1300
Chicago, Illinois 60654
Tel: 312.589.6370
Fax: 312.589.6378

Mark Eisen (SBN – 289009)
meisen@edelson.com
EDELSON PC
555 West Fifth Street, 31st Floor
Los Angeles, California 90013
Tel: 213.533.4100
Fax: 213.947.4251